**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **MARGIE CARANCI on behalf of herself and all others similarly situated** | **CLASS ACTION** |
| **Plaintiff,** | **C.A. No. 07-173ML** |
| **v.** | **Chief Judge Mary M. Lisi** |
| **MARSHALLS OF MA, INC., TJX COMPANIES, INC.** | |
| **Defendants.** | |

**DEFENDANTS MARSHALLS OF MA, INC. AND THE TJX COMPANIES, INC.'S**
**ANSWER TO AMENDED COMPLAINT**

Defendants Marshalls of MA, Inc. and The TJX Companies, Inc. (collectively "Defendants") respond as follows to Plaintiff's Amended Complaint.[1]

## I. ANSWER.

Defendants deny each and every allegation in Plaintiff's Amended Complaint except those expressly admitted below.

### I. Parties

1. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 and on that basis deny them.

---

[1] Plaintiff has erroneously sued The TJX Companies, Inc. Although vague, ambiguous, and lacking in detail regarding numerous items, it appears that Plaintiff's Amended Complaint relates to a transaction at a Marshalls store located in Massachusetts. The TJX Companies, Inc. does not operate any Marshalls stores. Marshalls stores are operated by wholly owned subsidiaries of The TJX Companies, Inc. Marshalls stores in Massachusetts are operated by Marshalls of MA, Inc. The TJX Companies, Inc. will meet and confer with Plaintiff in an effort to resolve this issue.

2. Defendants admit the allegations of Paragraph 2.

3. Defendants admit that their principal place of business is in Framingham, Massachusetts, that Marshalls of MA, Inc. operates Marshalls stores in several states, and that The TJX Companies, Inc. operates T.J. Maxx stores in several states. Defendant The TJX Companies, Inc. denies that it operates any Marshalls stores. Except as expressly admitted, Defendants deny the allegations of Paragraph 3.

## II. Jurisdiction and Venue

4. Defendants admit that this Court has subject matter jurisdiction based on a federal question, but deny that 28 U.S.C. § 1337 provides a basis for jurisdiction.

5. Defendants admit that venue in this district is proper as to Marshalls of MA, Inc., but not as to The TJX Companies, Inc. Except as expressly admitted herein, Defendants deny the allegations of Paragraph 5.

## III. Factual Allegations

### A. Introduction

6. Defendants deny the allegations of Paragraph 6.

7. Defendants admit that Congress passed and the President signed the Fair and Accurate Credit Transactions Act in 2003 and that one of the many purposes (as opposed to "primary") of the law was to prevent identity theft. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 7.

8. Most of the allegations in Paragraph 8 are purported statements of law to which no response is necessary. Defendants deny the remaining allegations in Paragraph 8.

9. Defendants deny the allegations of Paragraph 9.

### B. Defendants' Practice

10. Defendants deny the allegations of Paragraph 10.

11. Defendants deny the allegations of Paragraph 11.

12. Defendants deny the allegations of Paragraph 12.

### C. The Experience of The Representative Plaintiff

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 and on that basis deny them.

14. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 and on that basis deny them.

15. Defendants deny the allegations of Paragraph 15.

## IV. Class Action Allegations

16. Defendants admit that Plaintiff purports to bring this action individually and on behalf of a class pursuant to Rule 23 of the Federal Rules of Civil Procedure. Except as expressly admitted herein, Defendants deny the allegations of Paragraph 16, and further deny that Plaintiff can maintain this action as a class action.

17. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 and on that basis deny them.

18. Defendants deny the allegations of Paragraph 18.

19. Defendants deny the allegations of Paragraph 19.

20. Defendants deny the allegations of Paragraph 20.

21. Defendants deny the allegations of Paragraph 21.

22. Defendants deny the allegations of Paragraph 22.

23. Defendants deny the allegations of Paragraph 23.

24. Defendants deny the allegations of Paragraph 24.

## V. **Claims**

### **Count One - FCRA**

25. Defendants hereby incorporate as through fully set forth herein their answers to Paragraphs 1 through 24 above.

26. The allegations in Paragraph 26 are purported statements of law to which no response is necessary.

27. Defendants admit that Marshalls stores accept credit and debit cards and use cash registers or other machines that electronically print receipts for credit and debit card transactions. Except as expressly admitted herein, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 and on that basis deny them.

28. Defendants admit that for a certain limited time period, some customers of Marshalls stores were provided with receipts that printed the credit or debit card expiration date. Defendants deny that receipts were provided to any customers of Marshalls stores on or after December 4, 2006 that printed more than the last five digits of a credit or debit card number. Except as expressly admitted or denied herein, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 and on that basis deny them.

29. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 and on that basis deny them.

30. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 and on that basis deny them.

31. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 and on that basis deny them.

32. Defendants deny the allegations of Paragraph 32.

33. Defendants deny the allegations of Paragraph 33.

## II. AFFIRMATIVE DEFENSES.

As and for separate affirmative defenses, Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

1. The Amended Complaint fails to state facts sufficient to constitute a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Lack of Standing)

2. Plaintiff lacks standing to assert the claims alleged in the Amended Complaint.

### THIRD AFFIRMATIVE DEFENSE
### (Estoppel and Waiver)

3. Each and every cause of action in the Amended Complaint is barred by the doctrines of estoppel and waiver.

### FOURTH AFFIRMATIVE DEFENSE
### (Justification)

4. Defendants were justified in doing any and/or all of the acts alleged in the Amended Complaint, if they performed any such acts.

### FIFTH AFFIRMATIVE DEFENSE
### (Sufficiency of Class)

5. The action is not maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure.

**SIXTH AFFIRMATIVE DEFENSE**
**(Typicality)**

6. Plaintiff has failed to allege and cannot prove the facts and prerequisites necessary to the maintenance of a class action, including but not limited to typicality, numerosity, commonality, superiority of class-based resolution, adequacy of class representative and class counsel, or predomination of common fact and/or damages questions.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Good Faith)**

7. Defendants are informed and believe, and based thereon allege, that Defendants, at all relevant times, acted reasonably and in good faith in connection with any obligations imposed by 15 U.S.C. § 1681 *et seq.*

**EIGHTH AFFIRMATIVE DEFENSE**
**(Not Willful)**

8. Defendants are informed and believe, and based thereon allege, that if any violation of 15 U.S.C. § 1681c(g)(1) occurred, which Defendants specifically deny, said violation was not willful within the meaning of 15 U.S.C. § 1681n(a).

**NINTH AFFIRMATIVE DEFENSE**
**(Excessive Damages)**

9. Defendants are informed and believe, and based thereon allege, that Plaintiff's claims to statutory damages and attorney's fees and/or costs would be an unconstitutional breach of Defendants' rights to due process under the Fifth and Fourteenth Amendments of the United States Constitution and under *State Farm Auto Ins. Co. v. Campbell*, 538 U.S. 408, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003).

**TENTH AFFIRMATIVE DEFENSE**
**(Substantial Compliance)**

10. Defendants are informed and believe, and based thereon allege, that Defendants, at all relevant times, acted in good faith and in substantial compliance with the Fair Credit Reporting Act, including 15 U.S.C. § 1681c(g)(1).

**ELEVENTH AFFIRMATIVE DEFENSE**
**(No Actual Damages)**

11. Defendants are informed and believe, and based thereon allege, that if any violation of 15 U.S.C. § 1681c(g)(1) occurred, which Defendants specifically deny, Plaintiff sustained no actual damages.

**TWELFTH AFFIRMATIVE DEFENSE**
**(No Harm)**

12. Defendants are informed and believe, and based thereon allege, that if any alleged violation of 15 U.S.C. § 1681c(g)(1) occurred, which Defendants specifically deny, Plaintiff sustained no harm as a result thereof, and therefore lacks standing to pursue this matter in any representative capacity.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(Unidentifiable Putative Class)**

13. Defendants are informed and believe, and based thereon allege, that this case is not suitable for class treatment because, among other reasons, the members of the putative class defined in the Amended Complaint are not readily identifiable.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(Limitation on Recovery)**

14. Defendants are informed and believe, and based thereon allege, that any recovery, if any, under Plaintiff's claims is limited to natural persons under 15 U.S.C. § 1681a.

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(No Attorney's Fees)**

15. Plaintiff has failed to state facts that warrant the recovery of attorney's fees and costs.

**SIXTEENTH AFFIRMATIVE DEFENSE**
**(Inadequate Representative)**

16. Plaintiff is not an adequate class representative, for among other reasons, Plaintiff has not suffered any actual damage and has not asserted a claim for negligent violation of the statute at issue.

**SEVENTEENTH AFFIRMATIVE DEFENSE**
**(Right to Assert Additional Defenses)**

17. Defendants reserve the right to seek leave to amend this Answer to set forth additional defenses based on their ongoing investigation and discovery into the matters alleged in the Amended Complaint.

**<u>Prayer for Relief</u>**

Wherefore, Defendants request that this Court:

1. Deny Plaintiff's prayer for relief in its entirety, and that this Court enter judgment on Plaintiff's Amended Complaint in Defendants' favor and against Plaintiff;

2. Award Defendants costs of suit incurred in defense of this action; and

3. Order such other relief as the Court deems proper.

**Request for Jury Trial**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendants hereby request a jury trial as to all the issues to which they are so entitled.

Dated: August 2, 2007

Respectfully Submitted,

MARSHALLS OF MA, INC. and THE TJX COMPANIES, INC.

By their Attorneys,

/s/ Deming E. Sherman

Deming E. Sherman (#1138)
Patricia A. Sullivan (#2120)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
Tel: (401) 274-9200
Fax: (401) 276-6611
dsherman@eapdlaw.com
psullivan@eapdlaw.com

Michelle C. Doolin (*pro hac vice*)
Leo P. Norton (*pro hac vice*)
COOLEY GODWARD KRONISH LLP
4401 Eastgate Mall
San Diego, CA 92121
Tel: (858) 550-6000
Fax: (858) 550-6420
mdoolin@cooley.com
lnorton@cooley.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of August, 2007, I electronically filed the foregoing **DEFENDANTS MARSHALLS OF MA, INC. AND THE TJX COMPANIES, INC.'S ANSWER TO AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following attorney(s) of record at the e-mail address listed below.

I also hereby certify that on the 2nd day of August, 2007, I served a copy of the foregoing **DEFENDANTS MARSHALLS OF MA, INC. AND THE TJX COMPANIES, INC.'S ANSWER TO AMENDED COMPLAINT** via regular mail to the following:

| | |
|---|---|
| Peter N. Wasylyk, Esq.<br>Law Offices of Peter N. Wasylyk<br>1307 Chalkstone Avenue<br>Providence, Rhode Island 02908<br>Telephone: (401) 831-7730<br>Facsimile: (401) 861-6064 | **Via E-mail at pnwlaw@aol.com using the CM/ECF system** |
| Michael D. Donovan, Esq.<br>David A. Searles, Esq.<br>Donovan Searles, LLC<br>1845 Walnut Street<br>Suite 1100<br>Philadelphia, PA 19103<br>Telephone: (215) 732-6067<br>Facsimile: (215) 732-8060 | **Via U.S. Mail** |
| James A. Francis, Esq.<br>Francis & Mailman, P.C.<br>100 South Broad Street<br>19th Floor<br>Philadelphia, PA 19110<br>Telephone: (215) 735-8600<br>Facsimile: (215) 940-8000 | **Via U.S. Mail** |

Andrew S. Kierstead, Esq.
Law Office of Andrew Kierstead **Via U.S. Mail**
1001 SW 5th Avenue
Suite 1100
Portland, OR 97204
Telephone: (508) 224-6246
Facsimile: (508) 224-4356

Marc R. Stanley, Esq. **Via U.S. Mail**
Roger L. Mandel, Esq.
Martin Woodward, Esq.
Stanley, Mandel & Iola, LLP
3100 Monticello Avenue
Suite 750
Dallas, TX 75205
Telephone: (214) 443-4300
Facsimile: (214) 443-0358

/s/ Deming E. Sherman
Deming E. Sherman (#1138)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
Tel: (401) 274-9200
Fax: (401) 276-6611

546777 /SD