**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **MARGIE CARANCI on behalf of herself and all others similarly situated**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**MARSHALLS OF MA, INC., TJX COMPANIES, INC.**<br><br>**Defendants.** | **CLASS ACTION**<br><br>**C.A. No. 07-173 ML**<br><br>**Chief Judge Mary M. Lisi** |

**STIPULATION AND ORDER TO TEMPORARILY STAY ALL PROCEEDINGS PENDING DECISION OF MULTIDISTRICT LITIGATION PANEL**

**STIPULATION**

After meeting and conferring prior to filing defendants Marshalls of MA, Inc. and The TJX Companies, Inc.'s (collectively "TJX") contemplated motion to temporarily stay all proceedings in this action pending the decision of the Multidistrict Litigation Panel on TJX's motion to transfer for consolidation under 28 U.S.C. § 1407, plaintiff Margie Caranci ("Plaintiff") and TJX (Plaintiff and TJX collectively "the Parties"), by and through their respective counsel, hereby stipulate and agree as follows:

WHEREAS, Plaintiff filed the Complaint on May 16, 2007, and served the Complaint on TJX on May 29, 2007;

WHEREAS, Plaintiff filed and served an Amended Complaint on July 16, 2007;

WHEREAS, TJX filed its Answer to the Amended Complaint on August 2, 2007;

WHEREAS, since December 20, 2006, seven different plaintiffs, including Plaintiff in

this action, have filed seven similar lawsuits (collectively referred to as "the Actions") against TJX or one of its subsidiaries;

WHEREAS, two of the Actions have been filed in the Central District of California, Western Division – Los Angeles, one in the District of Nevada - Reno, one in the District of Kansas – Kansas City, two in the Northern District of Illinois – Eastern Division, and one in the District of Rhode Island;

WHEREAS, the cases are as follows:

1. *Clark v. Marshalls of MA, Inc.* (Case No. 2:06-CV-08135-ABC-(SHx)), United States District Court, Central District of California, filed on December 20, 2006;
2. *Bersekian v. TJ Maxx of CA, LLC, and The TJX Companies, Inc.* (Case No. 2:07-CV-00503-R-(JWJ)), United States District Court, Central District of California, filed on January 19, 2007;
3. *Tolley-McNerney v. TJX Companies, Inc., dba T.J. Maxx and Marshalls* (Case No. 3:07-CV-00091-ECR-(RAM)), United States District Court, District of Nevada, filed on February 27, 2007;
4. *Ramirez v. The TJX Companies* (Case No. 2:07-CV-2115-KHV-(DJW)), United States District Court, District of Kansas, filed on March 16, 2007;
5. *Mendez v. The TJX Companies, Inc.* (Case No. 1:07-CV-02486), United States District Court, Northern District of Illinois – Eastern Division, filed on May 3, 2007;
6. *Caranci v. Marshalls of MA, Inc., and The TJX Companies, Inc.* (Case No. 1:07-CV-00173ML-DLM), United States District Court, District of Rhode Island, filed on May 16, 2007; and

7. *Ivanova v. TJX Companies, Inc. and Marshalls of MA, Inc.* (Case No. 1:07-CV-03082), United States District Court, Northern District of Illinois – Eastern Division, filed on June 1, 2007;

WHEREAS, each of the Actions asserts a single count pursuant to 15 U.S.C. § 1681n for alleged willful violations of 15 U.S.C. § 1681c(g) relating to information printed on receipts provided to some customers at T.J. Maxx or Marshalls stores nationwide, both T.J. Maxx and Marshalls stores nationwide, T.J. Maxx and Marshalls stores in Illinois, or a certain Marshalls store in Massachusetts;

WHEREAS, the Actions allegedly assert overlapping and competing putative classes of customers of T.J. Maxx and Marshalls stores;

WHEREAS, transfer and consolidation is appropriate under 28 U.S.C. § 1407 when: (1) the actions involve one or more common questions of fact; (2) the transfer would serve the convenience of the parties and witnesses; and (3) the transfer would promote the just and efficient conduct of such actions. 28 U.S.C. § 1407(a);

WHEREAS, TJX filed and served its motion to transfer for consolidation before the Judicial Panel on Multidistrict Litigation ("MDL Panel") on April 2, 2007, which the MDL Panel then filed on April 5, 2007; TJX filed and served its amendment to motion to transfer for consolidation to among other things, include this action, on May 22, 2007, which the MDL Panel then filed on May 24, 2007; and TJX filed and served Supplemental Information regarding the seventh-filed action on June 6, 2007;

WHEREAS, a hearing on Defendants' motion to transfer as amended occurred before the panel on **July 26, 2007**;

WHEREAS, the MDL Panel has held that transfer and consolidation of multiple



PRV_898500_1.DOC/

competing class actions is especially appropriate. *See In re Plumbing Fixtures,* 308 F. Supp. 242, 244 (J.P.M.L. 1970); *see In re Air West, Inc. Sec. Litig.*, 384 F. Supp. 609, 611 (J.P.M.L. 1974); *In re Maytag Corp. Neptune Washer Products Liability Litig.*, 333 F.Supp.2d 1382, 1383 (J.P.M.L. 2004);

WHEREAS, the MDL Panel has recognized in similar circumstances that consolidation will enable a single judge to formulate a pretrial program that will minimize witness inconvenience and eliminate duplicative discovery, as well as minimize the overall pretrial litigation expense, to the benefit of all litigants. *See, e.g.*, *In re Uranium Indus. Antitrust Litig.*, 458 F. Supp. 1223, 1230 (J.P.M.L. 1978) ("[Plaintiffs] will have to depose many of the same witnesses, examine many of the same documents, and make many similar pretrial motions in order to prove their . . . allegations. The benefits of having a single judge supervise this pretrial activity are obvious."); *In re Maytag Corp. Neptune Washer Products Liability Litig.*, 333 F.Supp.2d at 1383 ("Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to jurisdictional and class certification matters), and conserve the resources of the parties, their counsel and the judiciary.");

WHEREAS, the Parties agree that the transfer of the Actions is appropriate under 28 U.S.C. § 1407;

WHEREAS, a district court has the inherent power to stay its proceedings;

WHEREAS, in considering a stay of proceedings pending the MDL Panel's decision, the district court considers three factors: (1) prejudice to the non-moving party; (2) hardship and inequity to the moving party if the district court does not stay the action; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact

consolidated. *Rivers v. Walt Disney Co.*, 980 F.Supp. 1358, 1360 (C.D. Cal. 1997);

WHEREAS, the Parties will not be prejudiced by a temporary stay of proceedings pending the MDL Panel's decision regarding transfer and consolidation;

WHEREAS, TJX contends that it will suffer undue hardship and inequity if this case is not stayed pending the MDL Panel's decision because it will face increased litigation costs, it will be forced to concurrently litigate seven related cases in five different courts, it will be subject to duplicative disclosure requirements and discovery, it will be forced to propound duplicative discovery requests, and it will be forced to oppose multiple competing class certification motions;

WHEREAS, a temporary stay will conserve judicial and party resources;

WHEREAS, most district courts, including all of the other district courts where the Actions are pending, have concluded that it is appropriate to stay all pretrial proceedings while a motion is pending with the MDL Panel because of the conserving of judicial resources and the preventing of the parties from incurring unnecessary litigation costs in the interim. *See, e.g.*, *Rivers*, 980 F.Supp. at 1362; *Carpenters Pension Trust for Southern California v. Ebbers*, 299 B.R. 610, 616 (C.D. Cal. 2003); *Mangani v. Merck & Co.*, No. 2:06-CV-00914-KJD-PAL, 2006 WL 2707459, at *2 (D. Nev. Sept. 19, 2006); *Mirabile, M.D. v. Blue Cross and Blue Shield of Kansas City, Inc.*, No. 05-2223-KHV-DJW, 2005 WL 1593661, at *2 (D. Kan. Jul. 7, 2005); *Kavalir v. Medtronic*, No. 07 C 0835, 2007 U.S. Dist. LEXIS 30002, at *10 (N.D. Ill. April 19, 2007); and

WHEREAS, the plaintiffs in the first four filed Actions stipulated to a stay or moved jointly for a stay of proceedings pending the MDL Panel's decision regarding transfer and consolidation; the defendants in the fifth filed action, the *Mendez* action, successfully moved for

a stay of proceedings, and thus, the first five filed Actions are all presently stayed; and the plaintiff in the seventh filed action has agreed to stipulate to a stay of proceedings;

NOW, THEREFORE, the Parties hereby stipulate and agree to temporarily stay all proceedings pending the MDL Panel's decision regarding transfer and consolidation.

**IT IS SO STIPULATED.**

Dated: August 2, 2007

EDWARDS ANGELL PALMER & DODGE LLP

By: /s/ Deming E. Sherman

Deming E. Sherman (#1138)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
Tel: (401) 274-9200
Fax: (401) 276-6611
dsherman@eapdlaw.com

Attorneys for Defendants MARSHALLS OF MA, INC. and THE TJX COMPANIES, INC.

Dated: August 14, 2007

LAW OFFICES OF PETER N. WASYLYK

By: /s/ Peter N. Wasylyk

Peter N. Wasylyk (#3351)
Law Offices of Peter N. Wasylyk
1307 Chalkstone Avenue
Providence, Rhode Island 02908
Telephone: (401) 831-7730
Facsimile: (401) 861-6064
pnwlaw@aol.com

Attorneys for Plaintiff MARGIE CARANCI

**ORDER**

All proceedings in this action are hereby stayed pending the Multidistrict Litigation Panel's decision on Defendants' motion to transfer for consolidation under 28 U.S.C. § 1407.

**IT IS SO ORDERED.**

Dated: August __, 2007

By: ______________________________________
Hon. Mary M. Lisi
CHIEF JUDGE

# CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of August, 2007, I electronically filed the foregoing **STIPULATION AND ORDER TO TEMPORARILY STAY ALL PROCEEDINGS PENDING DECISION OF MULTIDISTRICT LITIGATION PANEL** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following attorney(s) of record at the e-mail address listed below:

I also hereby certify that on the 14th day of August, 2007, I served a copy of the foregoing **STIPULATION AND ORDER TO TEMPORARILY STAY ALL PROCEEDINGS PENDING DECISION OF MULTIDISTRICT LITIGATION PANEL** via regular mail to the following:

Peter N. Wasylyk, Esq.
Law Offices of Peter N. Wasylyk
1307 Chalkstone Avenue
Providence, Rhode Island 02908
Telephone: (401) 831-7730
Facsimile: (401) 861-6064

**Via E-mail at pnwlaw@aol.com using the CM/ECF system**

Michael D. Donovan, Esq.
David A. Searles, Esq.
Donovan Searles, LLC
1845 Walnut Street
Suite 1100
Philadelphia, PA 19103
Telephone: (215) 732-6067
Facsimile: (215) 732-8060

**Via U.S. Mail**

James A. Francis, Esq.
Francis & Mailman, P.C.
100 South Broad Street
19th Floor
Philadelphia, PA 19110
Telephone: (215) 735-8600
Facsimile: (215) 940-8000

**Via U.S. Mail**

Andrew S. Kierstead, Esq. **Via U.S. Mail**
Law Office of Andrew Kierstead
1001 SW 5th Avenue
Suite 1100
Portland, OR 97204
Telephone: (508) 224-6246
Facsimile: (508) 224-4356

Marc R. Stanley, Esq. **Via U.S. Mail**
Roger L. Mandel, Esq.
Martin Woodward, Esq.
Stanley, Mandel & Iola, LLP
3100 Monticello Avenue
Suite 750
Dallas, TX 75205
Telephone: (214) 443-4300
Facsimile: (214) 443-0358

/s/ Deming E. Sherman
Deming E. Sherman (#1138)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
Tel: (401) 274-9200
Fax: (401) 276-6611

546647 /SD