A CERTIFIED TRUE COPY
AUG 31 2007
ATTEST
FOR THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
AUG 31 2007
FILED CLERK'S OFFICE

FILED
SEP 14 2007
Clerk, U.S. District Court
By: ______ Deputy Clerk

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

**IN RE: THE TJX COMPANIES, INC., FAIR AND ACCURATE CREDIT TRANSACTIONS ACT (FACTA) LITIGATION**

MDL No. 1853

U.S. DISTRICT COURT
DISTRICT OF KANSAS) ss:
I hereby certify that the foregoing is a true copy of the original on file in this court and cause.
RALPH L. DeLOACH, Clerk
By
Dated: 9-17-2007

**TRANSFER ORDER**

**Before the entire Panel**[*]: Common defendants The TJX Companies, Inc. (TJX) and several of its subsidiaries have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the District of Kansas. This litigation currently consists of six actions listed on Schedule A and pending as follows: two actions in the Central District of California and one action each in the Northern District of Illinois, the District of Kansas, the District of Nevada, and the District of Rhode Island.[1]

Plaintiff in the District of Kansas action does not oppose the motion. Plaintiff in the Northern District of Illinois action agrees that centralization is appropriate, but suggests selection of either the District of Massachusetts or, alternatively, the Central District of California as transferee district. Plaintiff in the Northern District of Illinois potential tag-along action supports Section 1407 transfer to the District of Massachusetts or, alternatively, the Northern District of Illinois. Plaintiff in the District of Nevada action agrees that centralization is appropriate, but suggests the Central District of California as transferee district. Plaintiffs in the Central District of California actions request that the actions be "coordinated and not consolidated for pretrial purposes," and prefer transfer to the Central District of California, the District of Nevada, or the District of Massachusetts.

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the District of Kansas will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Each action involves allegations that TJX's printing of certain credit and debit card information on customer receipts violated the Fair and Accurate Credit Transactions Act. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their

---

[*] Judges Vratil and Scirica did not participate in the decision of this matter.

[1] The Panel also has been notified that two other related actions have been filed in the Northern District of Illinois and the Southern District of Florida. These actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

A CERTIFIED TRUE COPY



counsel and the judiciary.

Transfer of all related actions to a single judge has the streamlining effect of fostering a pretrial program that: (1) allows pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues, *In re Multi-Piece Rim Products Liability Litigation*, 464 F.Supp. 969, 974 (J.P.M.L. 1979); and (2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. We leave to the discretion of the transferee judge the extent of coordination or consolidation among these actions.

Given the geographic dispersal of the actions, no district stands out as the geographic focal point for this nationwide docket. Thus, we have sought a transferee district that is centrally located for the parties, and a transferee judge with the time and experience to steer this litigation on a prudent course. Accordingly, we are persuaded that the District of Kansas is an appropriate transferee forum for this litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of Kansas are transferred to the District of Kansas and, with the consent of that court, assigned to the Honorable Kathryn H. Vratil for coordinated or consolidated pretrial proceedings with the action pending there.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

| | |
|---|---|
| D. Lowell Jensen | J. Frederick Motz |
| Robert L. Miller, Jr. | Kathryn H. Vratil* |
| David R. Hansen | Anthony J. Scirica* |

**IN RE: THE TJX COMPANIES, INC., FAIR AND ACCURATE CREDIT TRANSACTIONS ACT (FACTA) LITIGATION**

**MDL No. 1853**

## SCHEDULE A

Central District of California

Jessica Clark v. Marshalls of MA, Inc., et al., C.A. No. 2:06-8135
Alis Bersekian v. TJ Maxx of CA, LLC, et al., C.A. No. 2:07-503

Northern District of Illinois

Monica Mendez, et al. v. The TJX Companies, Inc., C.A. No. 1:07-2486

District of Kansas

Lety Ramirez v. The TJX Companies, Inc., C.A. No. 2:07-2115

District of Nevada

Amber Tolley-McNerney v. The TJX Companies, Inc., C.A. No. 3:07-91

District of Rhode Island

Margie Caranci v. Marshalls of MA, Inc., et al., C.A. No. 1:07-173